John D. Moore, Esq.
California State Bar No. 239407
LAW OFFICES OF MICHAEL B. SPRINGER
9628 Prototype Court
Reno, NV 89521
(775) 786-7445 telephone
(775) 786-7947 fax
jdmoore@springerlawnevada.com
Attorney for Plaintiff Norman Meyerson

UNITES STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

NORMAN MEYERSON,

Plaintiff,

v.

LAKES ENTERTAINMENT, INC.
a Minnesota corporation; SHINGLE
SPRINGS BAND OF MIWOK INDIANS;
RED HAWK CASINO; and DOES I
through X, inclusive,

Defendants.

Case No.

**COMPLAINT**

**JURY DEMANDED**

COMES NOW Plaintiff, Norman Meyerson (sometimes hereafter referred to as "Meyerson") and sues Defendants Lakes Entertainment, Inc., the Shingle Springs Band of Miwok Indians, and the Red Hawk Casino, and alleges as follows:

I.

This is an action for age discrimination based upon violations of the Age Discrimination in Employment Act, (ADEA, 29 U.S.C. § 621 *et seq.*), brought by Plaintiff Meyerson as an employee of the Red Hawk Casino, located in Placerville, California.

II.

Meyerson alleges damages based on violations of the Age Discrimination in Employment Act, (ADEA, 29 U.S.C. § 621 *et seq.*) caused by Defendants.

///

1

III.

Plaintiff demands a jury for any and all issues triable to a jury.

IV.

Plaintiff also seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs, all arising from the discrimination suffered by Plaintiff due to Defendants' actions.

**JURISDICTION AND VENUE**

V.

Jurisdiction is invoked pursuant to the Age Discrimination in Employment Act, (ADEA, 29 U.S.C. § 621 *et seq.*), and 28 U.S.C. §1331.

VI.

Jurisdiction is appropriate because Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation in violation of the ADEA. Venue is proper in this Court under 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391 (b)(2) and Local Rule 120 because a substantial part of the alleged acts of discrimination and retaliation occurred in El Dorado County, California.

VII.

Following the filing of this Complaint with the EEOC, the EEOC issued a right to sue letter to Plaintiff on March 15, 2010, thus Plaintiff has until June 13, 2010, to file his Complaint.

VIII.

Declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§2201 and 2202 and the ADEA.

IX.

Punitive damages are also sought pursuant to the ADEA.

X.

Compensatory damages may be awarded pursuant to the ADEA, and punitive damages may be awarded as well as injunctive relief.

///

## PARTIES

XI.

Plaintiff is a former employee of Defendants who currently resides in Reno, Nevada.

XII.

Defendant Lakes Entertainment, Inc., was at all time relevant herein the casino manager hired by Red Hawk Casino to oversee the operations of the casino, including the hiring and firing of employees, the payment of employees, and the provision of employee benefits to persons who worked at the casino. Defendant Lakes Entertainment, Inc., employed approximately 1,200 employees who worked at the casino.

XIII.

Defendant Red Hawk Casino is the property were Plaintiff was employed, which retained Lakes Entertainment to operate the casino in question.

XIV.

Defendant Shingle Springs Band of Miwok Indians ("Shingle Springs") is a Native American tribe subject to a tribal-state compact with the State of California related to Shingle Springs' gaming activities conducted within the state, which include the operation of Red Hawk Casino.

XV.

Under the terms of this tribal compact, in Section 10.2(g), Shingle Springs is required to "[a]dopt and comply with standards no less stringent than federal laws and state laws forbidding employers generally from discriminating in the employment of persons to work for the Gaming Operation or in the Gaming Facility on the basis of race, color, religion, national origin, gender, sexual orientation, age or disability." By these terms, Shingle Springs bound itself to the requirements of federal and state law regarding age discrimination in employment.

XVI.

In an effort to fulfill this compact, Shingle Springs created an appeals process so that employees claiming age discrimination could raise concerns with the tribe.

XVII.

Plaintiff raised a complaint through this appeal process, which was ignored by Shingle

Springs, forcing Plaintiff to pursue his rights before the Equal Employment Opportunity Commission.

XVIII.

By creating the appeal process, and binding itself to federal law, Shingle Springs waived any sovereign immunity regarding claims asserted against it for discrimination which violates federal or state law.

XIX.

By ignoring Plaintiff's complaint, Shingle Springs should be estopped from asserting that Plaintiff was required to pursue his legal remedies through the appeals process, as Shingle Springs failed or refused to investigate or determine the validity of Plaintiff's claims. In the alternative, Shingle Springs waived the requirement to pursue the appeals process by its failure or refusal to investigate Plaintiff's claims. In essence, Plaintiff sought to pursue his rights through the appeals process, but was denied his rights by Shingle Springs' failure to investigate Plaintiff's claims.

**STATEMENT OF CLAIMS**

XX.

Plaintiff is male, over the age of sixty. He has been active in the gaming industry for over forty (40) years, working in various capacities for numerous casinos throughout the world. As a qualified employee, Plaintiff began his employment at Red Hawk Casino when the casino first opened its doors. Plaintiff was hired as a pit manager at the casino.

XXI.

At the time of his hiring, the casino also hired an additional 22 table games pit managers, of which six (6) were over the age of fifty, including Plaintiff. When Plaintiff was terminated from his employment, he and three (3) other pit managers who were over the age of fifty were terminated, and no pit managers under the age of fifty were terminated. Plaintiff was the oldest pit manager released.

XXII.

Plaintiff was never formally written up regarding his employment at the casino, had no record of absenteeism, and was otherwise a model employee.

XXIII.

Personnel from the casino responsible for this termination indicated that Plaintiff, and the other pit managers, were let go because of a budgetary shortfall as part of a reduction in force. However, no reduction in force actually resulted in Plaintiff's department from Plaintiff's termination. Instead, Defendants promoted personnel to take Plaintiff's position while at the same time Defendants hired new entry-level employees to fill the vacated positions, meaning that the employment level stayed the same in Plaintiff's department.

XXIV.

It is more than mere coincidence that Plaintiff, and three (3) other pit managers over the age of fifty were simultaneously terminated. Instead, this termination demonstrates bias towards older employees, and is more than mere happenstance. Plaintiff is informed and believes and thereupon alleges that such terminations were instigated by actual animus towards older persons, of which class Plaintiff was a member.

XXV.

Plaintiff is informed and believes and thereupon alleges that the termination of pit managers, including Plaintiff, was solely based upon age, and that Defendants did not take into account other pit managers' recorded absenteeism, disciplinary write ups, and suspensions. Other employees, not within Plaintiff's protected classification, were treated differently then Plaintiff, because Plaintiff's termination was based solely upon his age, not a review of his performance record. Other pit managers, not Plaintiff's age, with lesser performance records were permitted to continue their employment with Defendants.

XXVI.

Defendants proffered additional reasons for Plaintiff's termination, including allegations that Plaintiff was written-up for computer deficiencies. Plaintiff is unaware of any such write-ups. Other alleged misconduct that apparently supported Plaintiff's termination was never brought to Plaintiff's attention during his employment or after he lost his employment with Defendants.

XXVII.

Plaintiff was performing well in his position when terminated.

XXVIII.

Defendants treat employees who are not Plaintiff's age more favorably than Plaintiff.

XXIX.

By their actions, Defendants discriminated against Plaintiff in violation of the ADEA by terminating Plaintiff's employment because of his age, even though he was performing well in his current position.

XXX.

Defendants may claim that, before terminating Plaintiff, he was offered a demotion instead of termination of employment. Plaintiff disputes this claim. No such offer was made, but was only discussed in vague terms, without any discussion regarding position or salary, and no demotion was ever offered to Plaintiff.

XXXI.

The above described actions of Defendants were so outrageous in character and so extreme that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community, thus entitling Plaintiff to recover punitive damages.

XXXII.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered grievous harm, including loss of his employment, humiliation and embarrassment among co-workers, customers and others, and Plaintiff sustained damages and loss as a result of Defendants' actions.

XXXIII.

Plaintiff brought this suit alleging discrimination under the ADEA within ninety (90) days from the date he received the EEOC's notice of right to sue letter, which Plaintiff received on or about March 15, 2010.

XXXIV.

Plaintiff has complied with all administrative conditions precedent by filing a complaint with the EEOC and by receiving a notice of right to sue letter.

XXXV.

As a result of these actions of Defendants, Plaintiff has been damaged in an amount in excess

of $25,000.00, subject to proof at trial.

WHEREFORE Plaintiff prays for the following relief:

1. Declare that Defendants' conduct violated Plaintiff's rights arising under the ADEA.
2. Enjoin Defendants from engaging in such conduct in the future.
3. Order Defendants to pay Plaintiff back pay and front pay and benefits for the period of time for which Plaintiff has been unemployed following his termination of employment.
4. For an award of compensatory damages for emotional pain, suffering, inconvenience, and loss of enjoyment of life.
5. For an award of punitive damages to be determined by the trier of fact.
6. For an award of pre-judgment and post-judgment interest as allowed by law.
7. For all other relief as the Court deems just and proper under the circumstances.

DATED this 9th day of June, 2010.

LAW OFFICES OF MICHAEL B. SPRINGER

By: _____
John D. Moore, Esq.
California State Bar No. 239407
9628 Prototype Court
Reno, NV 89521
(775) 786-7445
(775) 786-7947
Attorney for Plaintiff Norman Meyerson